# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST HICKS, et al.,

          Plaintiffs,

vs.

DAIRYLAND INSURANCE COMPANY, et al.,

          Defendants.

Case No. 2:08-cv-01687-BES-PAL

**ORDER**

(M/Strike - Dkt. #42)
(C-M/Strike - Dkt. #44)

This matter is before the court on defendant Dairyland Insurance Company's Motion to Strike Plaintiffs' Expert Witness Designation (Dkt. #42). The plaintiffs' response contained a Counter-Motion to Strike Defendant's Expert Witness Designation (Dkt. #44). The court has considered the motions, Responses (Dkt. ## 43, 48), and the Replies (Dkt. #47, 50).

## BACKGROUND

The Complaint in this case was filed in state court and removed (Dkt. #1) December 3, 2008. It arises out of an automobile accident that occurred on July 26, 2005. Plaintiff Ernest Hicks struck a vehicle driven by Ronald Kleckley who sustained injuries. Complaint, ¶ 7. At the time of the accident, Hicks was insured by defendant Dairyland Insurance Company. Kleckley sued Hicks and obtained a judgment against Hicks in an amount in excess of $110,000. Id., ¶ 33. Dairyland tendered its $15,000 policy limits on November 8, 2005, but Kleckley rejected the offer, asserting it was not timely made. Id., ¶ 54. After obtaining a judgment against Hicks, Kleckley accepted the $15,000 policy limits as a partial satisfaction of the judgment. However, the balance of the judgment with interest and costs is outstanding. The plaintiffs filed this complaint October 22, 2008, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, bad faith, and violation of Nevada's

/ / /

1  Unfair Claims Practices Act. Plaintiffs seek payment of the unpaid balance of the judgment,
2  compensatory damages for emotional distress, and punitive damages.

3       **A.**       **Defendant's Motion to Strike (Dkt. #42)**

4       In the current motion, defendant seeks an order striking plaintiffs' expert witness designation
5  and precluding the plaintiffs from calling Thomas Corridan as an expert witness at trial. Defendant
6  asserts that the report fails to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B) in that it
7  failed to provide a list of other cases in which Corridan has testified during the previous four years.
8  Plaintiffs' expert designation and report was faxed to defense counsel May 1, 2009. The report stated
9  that Corridan's *curriculum vitae* and testimony history was "attached;" however, the attachments were
10 not submitted with the faxed report. The mailed copy arrived May 6, 2009 without the attachments, and
11 counsel for defendant followed up with counsel for plaintiffs to obtain them. The *curriculum vitae* and
12 testimony history were faxed to plaintiffs' counsel May 14, 2009.

13       The testimony history in the report identifies ninety-four separate cases but did not include the
14 case number of each case or the date of the testimony. Counsel for defendant requested this
15 information from plaintiffs on multiple occasions and on May 29, 2009, received a faxed letter
16 supplementing Corridan's case listings. Fifteen of the cases had case numbers; however, none of the
17 cases were identified by date, and ten of the fifteen cases were new cases not previously identified in
18 the initial disclosure. Counsel for defendant inquired of counsel for plaintiffs concerning these issues
19 and was told in a faxed letter that Corridan had not previously been asked to provide case numbers in
20 his testimony history and did "his level best" to obtain and provide them.

21       Defendant asserts that the plaintiffs have "failed to properly identify Corridan." Specifically,
22 defendant claims that the failure to provide Corridan's testimony history with a list of case numbers and
23 date the testimony was provided does not comply with the requirements of Fed. R. Civ. P. 26(a)(2)(B)
24 and should result in automatic exclusion of his testimony. Citing Elgas v. Colorado Belle Corp., 179
25 F.R.D. 296, 300 (D. Nev. 1998) and Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999),
26 defendant argues that at a minimum, the list of other cases required by Rule 26(a)(2)(B) should include
27 the court, the names of the parties, the case number, and whether the testimony was by deposition or at
28 trial. Defendant argues that the purpose of providing a list of prior cases is to enable opposing counsel

to obtain the prior testimony and that without this information, opposing counsel cannot research prior testimony. Additionally, the defendant contends that the expert's inability or unwillingness to disclose this information does not constitute substantial justification for noncompliance with the provisions of Rule 26(a)(2)(B).

### B. Plaintiffs' Opposition

Plaintiffs oppose the motion, asserting Mr. Corridan's expert report complies in every aspect with the requirements of Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs acknowledge that compliance with Rule 26 is mandatory. However, the rule itself does not expressly require that an expert report include case numbers, dates of testimony, or the names of the attorneys involved in prior cases. Rather, Rule 26(a)(2)(B)(iv) requires an expert to disclose "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Plaintiffs argue that Judge Johnston's language in Elgas that a list of other cases in which a witness has testified should include the court, the names of the parties, the case number, and whether the testimony was given at deposition or trial is *dicta* and exceeds what is required by the plain language of Rule 26(a)(2)(B). Mr. Corridan's report contains a list of other cases in which he has testified as an expert at trial or at deposition within the preceding four years, provides the names of the parties, which party he testified on behalf of, and whether he testified at deposition or at trial. Plaintiffs also argue that Elgas was decided before the modern computer era and that because on-line access to court records is now pervasive, defendant has more than adequate information to research Mr. Corridan's prior history. Plaintiffs, therefore, assert it would be patently unfair to exclude Mr. Corridan as a witness.

### C. Plaintiffs' Counter Motion (Dkt. #44)

If the court finds that Rule 26(a)(2)(B) requires that Mr. Corridan provide a complete list of names of parties, case number, and whether the testimony was at deposition or at trial, plaintiffs ask the court to strike defendant's expert witness, Clinton Miller, who did not provide this information. Plaintiffs claim that Mr. Miller's list of cases in which he has testified in the last four years does not include case numbers or the name of the court.

///

///

**D.     Defendant's Opposition to Counter Motion and Reply to Motion to Strike**

Defendant opposes the counter-motion to strike defendant's expert because plaintiffs did not request the additional information before filing the motion and do not contend they have been harmed by the failure to provide the information. Defendant also asserts in its reply to its motion to strike that although Rule 26(a)(2)(B) does not define what constitutes a sufficient list of other cases, the federal courts have the duty to interpret the phrase and outline what is required. Defendant disputes that the Elgas decision is "outdated" in today's computer age. Defendant points out that without a case number, a party is unable to easily go on line or call a clerk or court to obtain information regarding a case and prior testimony. Additionally, without the case number, it is not possible to identify the names and contact information for the attorneys involved. Attorney contact information is needed to enable parties to obtain deposition transcripts which are generally not filed with the court. Thus, defendant argues the need for disclosure of case numbers is just as important today as it was when Elgas was decided. Plaintiffs' expert disclosure makes it difficult, if not impossible, to locate other cases in which Mr. Corridan asserts he has testified.

Defendant argues Rule 26 does not shift the burden to an opposing party to find information on its own. However, counsel for defendant attempted to locate four of the cases pending in this federal district by using the court's PACER system. According to counsel for defendant, three of these four cases do not exist. Counsel for defendant also attempted to search databases in other districts and could find no record of some of the cases listed and discovered that some of the cases Mr. Corridan listed must have involved testimony given more than four years prior to his disclosure, based on the date the cases were filed or closed. Counsel for defendant suspects that Corridan included outdated testimony to hinder his efforts to locate his prior testimony. More troublesome is Mr. Corridan's supplement of fifteen cases with case numbers which includes ten cases not previously provided in the initial disclosure. Counsel for defendant attempted to research five of the cases for which numbers were provided and learned that the numbers were invalid, *i.e.*, no records were found, using the case numbers provided.

/ / /

/ / /

1    Defendant argues that a party retaining an expert must bear responsibility for the expert's failure
2 to comply with Rule 26 and that Mr. Corridan's failure to comply with the Rule is neither harmless nor
3 substantially justified. Counsel for defendant cannot locate Mr. Corridan's prior testimony from the
4 information contained in Mr. Corridan's disclosure and supplemental disclosure. Accordingly, the
5 court should strike his designation and preclude him from testifying.

6    **E.    Plaintiffs' Reply**

7    Plaintiffs' reply to defendant's opposition to the plaintiffs' counter-motion reiterates that
8 plaintiffs do not agree with defendant's position that Rule 26 requires a disclosure of case numbers.
9 However, if the court adopts the defendant's position, then defendant's expert should be stricken and
10 precluded from testifying because defendant's expert report does not include the case number or the
11 name of the court in which a prior testimony was given. By contrast, plaintiffs' expert report only fails
12 to include case numbers. Plaintiffs also remind the court that in Elgas, the expert was excluded because
13 the report did not contain a list of all prior cases at all.

14                                    **DISCUSSION**

15    **A.    Rule 26(a)(2)(B)**

16    Fed. R. Civ. P. 26 requires parties to disclose the identity of any person who may be used as an
17 expert witness. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 provides that, "[t]hese disclosures shall be made
18 at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). LR 26-1(e)(3)
19 provides:

20> Unless the discovery plan otherwise provides and the court so orders, the
> time deadlines specified in Federal Rule of Civil Procedure 26(a)(2)(C)
21> for disclosure concerning experts are modified to require that the
> disclosures be made sixty (60) days before the discovery cut-off date and
22> that disclosures respecting rebuttal experts be made thirty (30) days after
> the initial disclosure of experts.

23

24 Id.

25    Fed. R. Civ. P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in
26 discovery. Rule 37(c)(1) provides, in relevant part:
27 / / /
28 / / /

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Id. Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." Id.

A literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. Elgas v. Colorado Belle Corp., 179 F.R.D. 296 (D. Nev. 1998) (citing Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D. Md. 1997)). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." Continental Lab., 195 F.R.D. at 677 (quoting Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." Keener v. United States, 181 F.R.D. 639, 641 (D. Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion and gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Id. at 1107. The burden is on the party facing discovery sanctions for belated disclosure to show that its failure to comply with Rule 26(e) is substantially justified or harmless. Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of showing a bad faith or willfulness. Id. at 1106. Rule 37(c)(1) is a "self executing, automatic sanction to provide a strong inducement for disclosure of material." Yeti, 259 F.3d at 1106 (citing Fed. R. Civ. P. 37 Advisory Committee Note (1993)); Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (rejecting the

///

notion the district court is required to make a finding of willfulness or bad faith before excluding evidence not disclosed but mandated by Rule 26(a)).

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. Wong v. Regents of the University of California, 410 F.3d 1052, 1062 (9th Cir. 2005). As the Ninth Circuit recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." Id. Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." Id. The Ninth Circuit has affirmed exclusion of expert testimony when the expert was disclosed twenty days late and the expert reports were six weeks late. See Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255 (9th Cir. 1998).

For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B).

An expert's report must be "detailed and complete." Elgas, 179 F.R.D. at 300 (quoting Sierra Club v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996)). The reports should be sufficiently detailed and complete to enable counsel to conserve resources by avoiding the necessity of deposing experts in every case without running the risk of being ambushed at trial. See, e.g., Lewis v. PDV America, Inc., 247 F.R.D. 544, 547 (N.D. Ill. 2007) (citing Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998)).

/ / /

/ / /

**B.     The List of Other Cases**

In Elgas, the court struck the designation of an expert because he did not list other cases in which he had testified as an expert at trial or by deposition within the preceding four years. Id. at 300. There, the plaintiffs served a supplemental expert disclosure, attaching the expert's *curriculum vitae* report and list of compensation. The supplemental disclosure indicated that the expert had previously testified in various types of cases but was unable to compile a specific list of cases. The Elgas court found that the "expert's failure to maintain records in the ordinary course of business sufficient to allow the disclosures to be made, does not constitute 'substantial justification' for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case." Id. Thus, the court concluded that "if the expert is unable or unwilling to make the disclosures, he should be excluded as a possibility for retention as an expert witness in the case." Id. (citing Nguyen v. IBP, Inc., 162 F.R.D. 675 (D. Kan. 1995)). The court reasoned that the disclosure of prior testimony is designed to give an opposing party access to useful information and that "[t]he proliferation of marginal or unscrupulous experts will only be stopped when the other party has detailed information about prior testimony." The Elgas decision determined that the list of other cases in which the witness has testified as an expert "should include the court, the names of the parties, the case number, and whether the testimony was by deposition or at trial." Id.

Plaintiffs correctly point out that Rule 26(a)(2)(B)(vi) does not require that the list of other cases include the court, names of the parties, the case number, and whether the testimony was by deposition or at trial. Plaintiffs are also correct that because the expert designation in Elgas was stricken for not providing a list of cases at all, the portion of the opinion outlining what should be on the list is *obiter dictum*, "a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in a case and therefore not precedential (although it may be considered persuasive)." Black's Law Dictionary, 1102 (8th ed. 2004).

Elgas is consistent with reasoned decisions in other districts which have recognized that "[t]he obvious purpose of providing the list of prior cases is to enable opposing counsel to obtain prior testimony of the expert." Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999); Zollinger v. Owens-Brockway Glass Container, Inc., 233 F. Supp. 2d 349, 356 (N.D.N.Y. 2002); Nguyen,

1   162 F.R.D. at 681; Majewski v. Southland Corp., 170 F.R.D. 25, 27 (D. Kan. 1996). Elgas is also
2   consistent with the same line of cases, holding that "the identification of 'cases' at a minimum should
3   include the court's or administrative agencies, the names of the parties, the case number, and whether
4   the testimony was deposition or at trial." Nguyen, 162 F.R.D. at 682; Zollinger, 233 F.Supp.2d at 356;
5   Hilt v. SFC, Inc., 170 F.R.D. 182, 185 (D. Kan. 1997). "This list should include the name of the court,
6   the names of the parties, the docket number, and it shall state whether the testimony was given at an
7   examination before trial or during trial." Coleman, 190 F.R.D. at 318-19. Finally, Elgas is consistent
8   with the same line of cases holding Rule 26 does not contemplate shifting the burden of researching
9   prior testimony to the discovering party. Coleman, 190 F.R.D. at 318; Majewski, 170 F.R.D. at 27;
10  Nguyen, 162 F.R.D. at 682. Moreover, "[f]ailure to provide this information in the past does not justify
11  failure to comply with Rule 26(a)." Coleman, 190 F.R.D. at 318; Nguyen, 162 F.R.D. at 681.

12          In this case, the plaintiffs provided an expert witness report which contained a list labeled
13  "Testimony in Deposition and Court Prior Four Years" which provided a list of the case name and
14  jurisdiction in which the case was filed, whether the testimony was given in deposition, court or trial,
15  and whether the testimony was given on behalf of an insurer or the insured. Ninety-four cases were
16  listed. After counsel for defendant complained that the testimony history was inadequate because it did
17  not provide a date for each appearance or a case number or name of one or more of the attorneys
18  involved in the case, counsel for plaintiff served a supplement. The supplement listed fifteen cases,
19  provided the jurisdiction in which the case was filed, a case number, and identified whether the
20  testimony was given at deposition or trial, and on behalf of which party. However, ten of the fifteen
21  cases were new cases not previously identified in the initial disclosure. More troublesome to the court
22  is the fact that defense counsel detailed his efforts to locate four of these cases with the information
23  provided and was unable to find a court record.

24          The court agrees with the rationale of the decisions which have held that the obvious purpose
25  for requiring a list of prior testimony is to enable opposing counsel to obtain prior testimony, eliminate
26  unfair surprise to the opposing party, and to conserve resources. The court also concurs that an expert
27  witness may not shift the burden of researching prior testimony to the discovering party by providing
28  sketchy or inaccurate information. Defense counsel cannot research Mr. Corridan's prior testimony

with the information which has been provided. Case numbers are not provided for the vast majority of cases listed, and it appears that inaccurate or incomplete case numbers were provided in the supplemental disclosure. The court concurs with those decisions which have found that the list of prior testimony must provide sufficient detail to enable opposing counsel to obtain the prior testimony of the expert. It strains credulity to believe that an expert who has submitted a report indicating he has testified one hundred nine times in the last four years would not keep billing records and client files from which he could gather accurate case numbers.

Counsel for defendant has also not complied with the information defense counsel argues should be required in the list of prior cases. Although counsel for defendant argues plaintiffs did not complain about the lack of information and does not claim prejudice, the Ninth Circuit has made it clear that the burden is on the party failing to comply with the disclosure requirements of Rule 26(a) to show the failure to comply is substantially justified or harmless. Neither the plaintiffs nor the defendant have established that their failures to provide the information sought in these motions is substantially justified or harmless. Accordingly, the court will give Mr. Corridan an opportunity to amend his expert report to provide a listing of all cases in which he has testified during the past four years, with a case number. Failure to provide this information will result in the preclusion of his testimony. Similarly, the court will require Mr. Miller to supplement his expert report to include case numbers and the name of the court. Failure to provide this information will result in the preclusion of Mr. Miller's testimony.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Defendant's Motion to Strike Plaintiffs' Expert Witness Designation (Dkt. #42) is GRANTED in part and DENIED in part consistent with this order. Plaintiffs' expert shall have **fifteen days** from entry of this order in which to supplement his expert report to provide a list of case numbers in all cases in which he has testified during the past four years. Failure to comply with this order will result in the preclusion of his testimony.

2. Plaintiffs' Counter-Motion to Strike Defendant's Expert Witness Designation (Dkt. #44) is GRANTED in part and DENIED in part. The motion is GRANTED to the extent Mr.

Miller shall have **fifteen days** from entry of this order in which to amend his expert report to provide a list of case numbers and the court in which he has testified within the past four years. Failure to provide this information will result in the preclusion of his testimony.

Dated this 23rd day of July, 2009.

```
                                        _____
                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE
```